LAWYERS FOR CLEAN WATER, INC.
Drevet Hunt (Bar No. 240487)
      Email: drev@lawyersforcleanwater.com
1004-A O'Reilly Avenue
San Francisco, California 94129
Telephone:  (415) 440-6520
Facsimile:  (415) 440-4155

*Attorney for Plaintiff*
LOS ANGELES WATERKEEPER

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a California non-profit corporation, <br><br>       Plaintiff, <br><br>       vs. <br><br> COMMUNITY RECYCLING & RESOURCE RECOVERY, INC., a California corporation; CROWN DISPOSAL COMPANY, INC., a California corporation; T & R FRY FAMILY TRUST, a family trust; THOMAS H. FRY, individually and as Trustee of T & R Fry Family Trust; and RUTH M. FRY, as Trustee of T & R Fry Family Trust; <br><br>       Defendants. | Civil Case No. 2:14-CV-7965-DDP-PLA <br><br> **ORDER RE: CONSENT DECREE AND JUDGMENT** <br><br><br> **(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.*)** |

## CONSENT DECREE

The following Consent Decree is entered into by and between Plaintiff Los Angeles Waterkeeper ("Plaintiff" or "Waterkeeper") and Defendants Maintenance Services, Inc. (formerly known as Community Recycling and Resource Recovery, Inc.), Crown Disposal Company, Inc., T & R Fry Family Trust, Thomas H. Fry, and Ruth M. Fry (collectively referred to hereinafter as "Defendants"). The entities entering into this Consent Decree are each an individual "Settling Party" and collectively the "Settling Parties."

**WHEREAS,** Waterkeeper is a 501(c)(3) non-profit public benefit corporation organized under the laws of the State of California, with its main office in Santa Monica, California;

**WHEREAS,** Waterkeeper is dedicated to the preservation, protection, and defense of the rivers, creeks, and coastal waters of Los Angeles County from all sources of pollution and degradation;

**WHEREAS**, Defendant T & R Fry Family Trust are owners of twelve (12) contiguous parcels with a main address at 9189 De Garmo Avenue, Sun Valley, California 91352, hereinafter referred to by the Settling Parties as the "Crown Facility";

**WHEREAS**, Defendants Thomas H. Fry and Ruth M. Fry formerly owned some of the parcels immediately referenced above;

**WHEREAS,** Defendant T & R Fry Family Trust and Defendants Thomas H. Fry and Ruth M. Fry, as Trustees of T & R Fry Family Trust, own all of the stock of Crown Disposal Company, Inc., and Maintenance Services, Inc.;

**WHEREAS**, Defendants Crown Disposal Company, Inc., and Maintenance Services, Inc., were the owners and/or operators of a waste hauling, waste transfer, and resource recovery facility located on the Crown Facility from 1968 in the case of Crown Disposal Company, Inc. and 1974 in the case of Maintenance Services, Inc. and, in the case of both entities, until March 4, 2015;

**WHEREAS**, ownership and operation of the waste hauling, waste transfer, and

resource recovery activities at the Crown Facility was transferred from Defendants to Recology Los Angeles on March 5, 2015;

**WHEREAS**, Waterkeeper has approximately 3,000 members who live and/or recreate in and around the Los Angeles River watershed and Los Angeles area waterbodies receiving discharges from the Crown Facility, including the Los Angeles River, Los Angeles Harbor, Los Angeles/Long Beach Harbor, San Pedro Bay, Cabrillo Beach, and the Pacific Ocean;

**WHEREAS,** discharges from the Crown Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board] Water Quality Order No. 92-12-DWQ, as amended by Order No. 97-03-DWQ ("Storm Water Permit") and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA");

**WHEREAS**, on August 4, 2014, Waterkeeper sent Defendants, the United States Environmental Protection Agency ("EPA"), EPA Region IX, the State Water Resources Control Board ("State Board"), and the Los Angeles Regional Water Quality Control Board ("Regional Board") a notice of intent to file suit ("Notice Letter") under Sections 505(a) and (b) of the Clean Water Act, 33 U.S.C. §§ 1365(a) and (b). The Notice Letter alleged violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and violations of the Storm Water Permit at the Crown Facility;

**WHEREAS**, on October 15, 2014, Waterkeeper filed a complaint against Defendants in the United States District Court, Central District of California (Case No. CV14-7965-DDP-PLA), alleging violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and violations of the Storm Water Permit at the Crown Facility ("Complaint");

**WHEREAS**, Waterkeeper alleges Defendants to be in violation of the substantive and procedural requirements of the Storm Water Permit and the Clean Water Act with respect to the Crown Facility;

**WHEREAS**, Defendants deny all allegations in the Notice Letter and Complaint

1  relating to the Crown Facility;

2      **WHEREAS**, Waterkeeper and Defendants have agreed that it is in the Settling

3  Parties' mutual interest to enter into a Consent Decree setting forth terms and conditions

4  appropriate to resolving the allegations set forth in the Complaint without further

5  proceedings;

6      **WHEREAS**, all actions taken by Defendants pursuant to this Consent Decree

7  shall be made in compliance with all applicable federal and state laws and local rules and

8  regulations.

9      **NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE**

10  **SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS**

11  **FOLLOWS:**

12      1.    The Court has jurisdiction over the subject matter of this action pursuant to

13  Section 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a);

14      2.    Venue is appropriate in the Central District of California pursuant to Section

15  505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the Crown Facility is

16  located within this District;

17      3.    The Complaint states claims upon which relief may be granted pursuant to

18  Section 505(a)(1) of the Clean Water Act, 33 U.S.C. § 1365(a)(1);

19      4.    Plaintiff has standing to bring this action;

20      5.    The Court shall retain jurisdiction over this matter for purposes of enforcing

21  the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter

22  as is necessary for the Court to resolve any motion to enforce this Consent Decree.

23  **I.   OBJECTIVES**

24      6.    It is the express purpose of the Settling Parties entering into this Consent

25  Decree to further the objectives set forth in the Clean Water Act, 33 U.S.C. §§ 1251, *et*

26  *seq*., and to resolve those issues alleged by Waterkeeper in its Complaint. In light of these

27  objectives and as set forth fully below, Defendants agree to comply with the provisions of

28  this Consent Decree.

## II.   AGENCY REVIEW AND TERM OF CONSENT DECREE

7.      Plaintiff shall submit this Consent Decree to the United States Department of Justice and the EPA (collectively "Federal Agencies") within three (3) days of the final signature of the Settling Parties for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) days after receipt by both agencies, as evidenced by written acknowledgement of receipt by the agencies or the certified return receipts, copies of which shall be provided to Defendants if requested. In the event that the Federal Agencies object to entry of this Consent Decree, the Settling Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount of time. If the parties are unable to reach agreement to modify this Consent Decree so as to resolve the issues raised by the Federal Agencies, and this Consent Decree as so modified is not approved by the Federal Agencies, this Consent Decree shall be of no force and effect. Furthermore, if this Consent Decree is not approved by the Court, this Consent Decree shall be of no further force and effect.

8.      The term "Effective Date" as used in this Consent Decree shall mean the day this Consent Decree is signed and entered by a United States District Court Judge.

9.      This Consent Decree shall terminate once all of the following conditions have been met:

a.   Defendants make each of the payments required under the Consent Decree;

b.   Defendants notify Waterkeeper in writing of their intent to file a motion for termination at least 21 days prior to filing the motion;

c.   The Parties conduct a meet and confer (either in person or telephonically) at least 14 days prior to filing the motion;

d.   Defendants file a motion for termination with the Court along with a declaration setting forth facts sufficient to demonstrate it has complied with all obligations of this Consent Decree; and

e.   The Court enters an order terminating the Consent Decree

10.     If there is a dispute regarding Defendants' compliance with the Consent Decree, Waterkeeper shall file a Notice of Dispute with the Court prior to the termination of this Consent Decree, which shall identify the issue in dispute. The filing of such Notice of Dispute by Waterkeeper shall extend the Termination Date until the Court determines the dispute has been resolved and thereupon dismisses the case or, alternatively, if the Settling Parties file a stipulation for dismissal.

## III.   COMMITMENTS OF THE SETTLING PARTIES

### A.   Environmental Project, Reimbursement of Litigation Fees and Costs, and Stipulated Payments

11.     <u>Environmental Project</u>. To remediate the alleged environmental harms resulting from non-compliance with the Storm Water Permit alleged in the Complaint, Defendants agrees to make a payment of Two Hundred Thousand Dollars ($200,000) to the Liberty Hill Foundation to fund environmental project activities that will reduce or mitigate the impacts of storm water pollution from industrial activities on the Los Angeles River and its tributaries. The payments shall be made within three (3) days of the Effective Date payable to the Liberty Hill Foundation and delivered via wire transfer, personal delivery or overnight delivery to Liberty Hill Foundation, Attn: Michele Prichard, 6420 Wilshire Blvd #700, Los Angeles, CA 90048. Defendants shall provide Waterkeeper with a copy of such payment.

12.     <u>Reimbursement of Waterkeeper's Fees and Costs</u>. Defendants shall pay a total of Two Hundred Twenty Eight Thousand and Seven Hundred Fifty Dollars ($228,750) to Waterkeeper to partially reimburse Waterkeeper for its investigation fees and costs, expert/consultant fees and costs, and reasonable attorneys' fees incurred as a result of investigating and preparing the lawsuit and negotiating this Consent Decree. Payment shall be made within three (3) days of the Effective Date payable to "Los Angeles Waterkeeper" and delivered via wire transfer, personal delivery or overnight delivery to: Los Angeles Waterkeeper, 120 Broadway, Suite 105, Santa Monica, CA 90401.

13.     <u>Stipulated Payment</u>. Defendants shall make a remediation payment of One Thousand Dollars ($1,000) per day that they fail to make a payment by the deadline required by paragraph 11. Payments for such violations shall be made for the restoration and/or improvement of the watershed in the area affected by the Defendants' alleged discharges and shall be awarded to Liberty Hill Foundation.  Defendants agree to make the stipulated payment within forty-five (45) days of the date of the violation. The payments shall be mailed via regular mail to the attention of Liberty Hill Foundation, Attn: Michele Prichard, 6420 Wilshire Blvd #700, Los Angeles, CA 90048. The Defendants shall provide Waterkeeper with a copy of each such payment at the time it is made.

14.     Defendants shall make a payment of One Thousand Dollars ($1,000) per day that they fail to make a payment by the deadline required by paragraph 12. Payments for such violations shall be made to "Los Angeles Waterkeeper" and delivered within forty-five (45) days of the date of the violation via wire transfer to: Los Angeles Waterkeeper, 120 Broadway, Suite 105, Santa Monica, CA 90401.

15.     Defendants expressly acknowledge that they are jointly and severally liable for the payments identified in paragraphs 11-14.

## IV.   **DISPUTE RESOLUTION**

16.     This Court shall retain jurisdiction over this matter until termination of this Consent Decree for the purposes of implementing and enforcing the terms and conditions of this Consent Decree, and adjudicating all disputes among the Settling Parties that may arise under the provisions of this Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

17.     <u>Meet and Confer</u>. A party to this Consent Decree shall invoke the dispute resolution procedures of this Section by notifying all other Settling Parties in writing of the matter(s) in dispute. The Settling Parties shall then meet and confer in good faith (either telephonically or in person) in an attempt to resolve the dispute informally over a

1  period of fourteen (14) days from the date of the notice. The Settling Parties may elect to

2  extend this time in an effort to resolve the dispute without court intervention.

3       18.    If the Settling Parties cannot resolve a dispute by the end of meet and confer

4  informal negotiations, the party initiating the dispute resolution provision may invoke

5  formal dispute resolution by filing a motion before the United States District Court for

6  the Central District of California. The Settling Parties agree to request an expedited

7  hearing schedule on the motion.

8       19.    <u>Enforcement Fees and Costs</u>. Litigation costs and fees incurred in

9  conducting a meet and confer session(s) or otherwise addressing and/or resolving any

10  dispute, including an alleged breach of this Consent Decree, shall be awarded in

11  accordance with the standard established by Section 505 of the Clean Water Act, 33

12  U.S.C. §§ 1365 and 1319, and case law interpreting that standard.

13  **V.   <u>MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE</u>**

14       20.    <u>Waterkeeper's Release</u>. Upon the Effective Date of this Consent Decree,

15  Waterkeeper, on its own behalf and on behalf of its current and former officers, directors,

16  employees, and each of their successors and assigns, and its agents, attorneys, and other

17  representatives, and on behalf of each of them, releases all persons including, without

18  limitation, Defendants (and each of their direct and indirect parent and subsidiary

19  companies and affiliates, and their respective current and former officers, directors,

20  members, employees, shareholders, and each of their predecessors, successors, and

21  assigns, and each of them, and each of their agents, attorneys, consultants, and other

22  representatives) from and waives all claims alleged in the Notice Letter and/or

23  Complaint, and/or otherwise, up to the Effective Date of this Consent Decree.

24       21.    <u>Defendants' Release</u>. Upon the Effective Date of this Consent Decree,

25  Defendants, on its own behalf and on behalf of its current and former officers, directors,

26  employees, members, and each of their successors and assigns, and their agents,

27  attorneys, and other representatives, and each of them, releases Waterkeeper (and its

28  current and former officers, directors, employees, members, parents, subsidiaries, and

affiliates, and each of them, and each of their successors and assigns, and its agents, attorneys, and other representatives) from and waives all claims which arise from or pertain to this action, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses, or any other sum incurred or claimed for matters related to Waterkeeper's Notice Letter and Complaint, and/or otherwise, up to entry of this Consent Decree by the Court.

22.     Release of Unknown/Unsuspected Claims: Section 1542 of the California Evidence Code provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Each of the parties hereto, on his/her/its own behalf and on behalf of the others bound by the releases referenced above, waives the benefits and protections of Section 1542 and any comparable federal rule and agrees that unknown and unsuspected claims as of the entry of this Consent Decree are also released.

## VI.   **MISCELLANEOUS PROVISIONS**

23.     <u>No Admission of Liability</u>. Neither this Consent Decree, the implementation of additional BMPs, nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, admission, or acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation. Defendants, and each of them, maintain and reserve all defenses they may have to any alleged violations that may be raised in the future.

24.     <u>Force Majeure</u>. Force Majeure includes any act of God, war, fire, earthquake, flood, or natural catastrophe; civil disturbance, vandalism, sabotage, or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from, any governmental agency. Force Majeure shall not include normal inclement weather, economic hardship, or inability to pay. Any party seeking to rely upon this paragraph to

excuse or postpone performance shall have the burden of establishing that it could not reasonably avoid the Force Majeure event and which by exercise of due diligence has been unable to overcome the failure of performance. Delay in compliance with a specific obligation under this Consent Decree due to Force Majeure as defined in this paragraph shall not excuse or delay compliance with any or all other obligations required under this Consent Decree.

a.      If Defendants claim Force Majeure, they shall notify Waterkeeper in writing within twenty-one (21) days of the date that Defendants first knew of the event or circumstance that caused or would cause a violation of this Consent Decree. The notice shall describe the reason for the nonperformance and the specific obligations under the Consent Decree that are or have been affected by the Force Majeure. It shall describe the anticipated length of time the delay may persist, the cause or causes of the delay, the measures taken or to be taken by Defendants to prevent or minimize the delay, the schedule by which the measures shall be implemented, and the anticipated date of compliance. Defendants shall adopt all reasonable measures to avoid and minimize such delays.

b.      The Settling Parties shall meet and confer in good faith concerning the non-performance and, where the Settling Parties concur that performance was or is impossible due to Force Majeure, despite the timely good faith efforts of Defendants, new deadlines shall be established.

c.      If Waterkeeper disagrees with Defendants' notice of Force Majeure, or in the event that the Settling Parties cannot timely agree on the terms of new performance deadlines or requirements, either party shall have the right to invoke the Dispute Resolution Procedure pursuant to Section IV. In such proceeding, Defendants shall bear the burden of proving that any delay in performance of any requirement of this Consent Decree was caused or will be caused by Force Majeure and the extent of any delay attributable to such circumstances.

25.      <u>Construction</u>. The language in all parts of this Consent Decree shall be

construed according to its plain and ordinary meaning, except as to those terms defined in the Storm Water Permit, the Clean Water Act, or specifically herein.

26.     <u>Choice of Law</u>. The laws of the United States shall govern this Consent Decree.

27.     <u>Severability</u>. In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

28.     <u>Correspondence</u>. Unless specifically provided for in this Consent Decree, all notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by U.S. mail or electronic mail as follows:

> <u>If to Plaintiff:</u>
>
> Bruce Reznik, Executive Director
> bruce@lawaterkeeper.org
> Los Angeles Waterkeeper
> 120 Broadway, Suite 105
> Santa Monica, California 90401
>
> With copies to:
> Drevet Hunt, Esq.
> drev@lawyersforcleanwater.com
>
> LAWYERS FOR CLEAN WATER, INC.
> 1004-A O'Reilly Avenue
> San Francisco, California 94129
>
>
> <u>If to Defendants:</u>
>
> Mr. John Richardson
> jrichardson@freedomfarms.co
> c/o Freedom Farms, LLC
> P.O. Box 1063
> Sun Valley, CA 91352

With copies to:
Stephen T. Holzer, Esq.
sholzer@lewitthackman.com
Lewitt Hackman Shapiro Marshall & Harlan
16633 Ventura Boulevard, 11th floor
Encino, California 91436

Notifications of communications shall be deemed submitted three (3) business days after having been set via U.S. mail or the day of sending notification or communication by electronic mail. Any change of address or addresses shall be communicated in the manner described above for giving notices.

29.   Effect of Consent Decree. Except as provided herein, Waterkeeper does not, by its consent to this Consent Decree, warrant or aver in any manner that Defendants' compliance with this Consent Decree will constitute or result in compliance with any federal or state law or regulation. Nothing in this Consent Decree shall be construed to affect or limit in any way the obligation of Defendants to comply with all federal, state, and local laws and regulations governing any activity required by this Consent Decree.

30.   Counterparts. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy, email of a .pdf signature, and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

31.   Modification of the Consent Decree. This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Settling Parties. If any Settling Party wishes to modify any provision of this Consent Decree, the Settling Party must notify the other Settling Party in writing at least twenty-one (21) days prior to taking any step to implement the proposed change.

32.   Full Settlement. This Consent Decree constitutes a full and final settlement of this matter.

33.   Integration Clause. This is an integrated Consent Decree. This Consent

Decree is intended to be a full and complete statement of the terms of the agreement between the Settling Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

34.     <u>Authority</u>. The undersigned representatives for Plaintiff and Defendants each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

35.     The Settling Parties certify that their undersigned representatives are fully authorized to enter into this Consent Decree, to execute it on behalf of the Settling Parties, and legally to bind the Settling Parties to its terms.

36.     The Settling Parties, including any successors or assigns, agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms.

**IT IS SO ORDERED.**

Date:  <u>January 11, 2016</u>

                              Honorable Dean D. Pregerson
                              United States District Judge
                              Central District of California

**IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree as of the date first set forth below.

APPROVED AS TO CONTENT

Dated:_____          By:_____
                                         Bruce Reznik
                                         Los Angeles Waterkeeper

[PROPOSED] ORDER RE: CONSENT          12          Civil Case No. 14-7965-DDP-PLA
DECREE AND JUDGMENT

1

2  Dated:_____          By:_____
                                         Crown Disposal Company, Inc.
3

4

5

6  Dated:_____          By:_____
                                         Maintenance Services, Inc.
7

8

   Dated:_____          By:_____
9                                        Thomas H. Fry for the T & R Fry
                                         Family Trust
10

11

12
   Dated:_____          By:_____
13                                       Ruth M. Fry for the T & R Fry
                                         Family Trust
14

15  Dated:_____          _____
                                          Thomas H. Fry
16

17  Dated:                                _____
                                          Ruth M. Fry
18

19

20  APPROVED AS TO FORM

21

22

23  Dated:_____          By:_____
                                          Drevet Hunt
24                                        Lawyers for Clean Water, Inc.

25

26  Dated:_____          By:_____
                                          Stephen Holzer
27                                        Lewitt Hackman Shapiro Marshall &
                                                Harlan
28

[PROPOSED] ORDER RE: CONSENT          13          Civil Case No. 14-7965-DDP-PLA
DECREE AND JUDGMENT